CITY OF DALLAS, Texas, Petitioner,

v.

Saundra Harris MITCHELL,
et al., Respondents.

No. D–4311.

Supreme Court of Texas.

Argued Jan. 20, 1994.

Decided Feb. 2, 1994.

Rehearing Overruled March 9, 1994.

Patricia Medrano and Sam A. Lindsay, Dallas, for petitioner.

Kristina Bline, Burleson, for respondents.

Justice ENOCH delivered the opinion of the Court, in which all Justices join.

The only issue in this case is whether the recreational use statute in TEX.CIV.PRAC. & REM.CODE ANN. § 75.002 applies to governmental entities. For the reasons stated below, we hold that it does not.

The Mitchells brought suit against the City of Dallas for injuries suffered by their minor son, Ashley Harris, when he fell from his bicycle into a creek bed in a public park owned and maintained by the City. The accident occurred at a location in the park where there is a 15 to 25 foot drop-off along the creek. The drop-off is created by a gabion wall constructed by the City for erosion control. The Mitchells allege the City was negligent and grossly negligent in the construction and maintenance of the gabion wall and that the City failed to warn park users of the drop-off or construct a fence around the area. The City moved for summary judgment asserting that it was not liable as a matter of law because the duty the City owed to Ashley Harris is the duty a landowner owes to a trespasser under section 75.002. The trial court granted the City's motion for summary judgment.

The court of appeals reversed the trial court holding that section 75.002 does not apply to governmental entities because the applicable standard of care owed to recreational users on government property is specified in section 101.022 of the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a) (Vernon 1986). 855 S.W.2d 741, 747. We granted the application for writ of error in this case to resolve a conflict among the courts of appeals. *See Martinez v. Harris County*, 808 S.W.2d 257 (Tex.App.—Houston [1st Dist.] 1991, writ denied) and *Tarrant County Water Control & Imp. Dist. No. 1 v. Crossland*, 781 S.W.2d 427 (Tex. App.—Fort Worth 1989, writ denied) (both cases holding that section 75.002 controls). We agree with the court of appeals below that section 75.002 does not control because the duty owed by governmental units to persons injured on government property is prescribed by section 101.022 of the Texas Tort

Claims Act. Accordingly, we affirm the judgment of the court of appeals.

Under the Texas Tort Claims Act, a governmental unit is liable for personal injuries "so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). Section 101.022 specifically deals with the duty of care owed by a governmental entity in premises defect cases:

> (a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a *licensee* on private property, unless the claimant pays for the use of the premises.
> (b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (emphasis added).

Section 75.002 of the Civil Practices and Remedies Code provides for limited liability to land owners who permit others to use their property for recreational purposes:

> If an owner, lessee, or occupant of real property gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not: ...
>> (2) owe to the person to whom permission is granted a greater degree of care than is owed to a *trespasser* on the premises; ....

TEX.CIV.PRAC. & REM.CODE ANN. § 75.002 (emphasis added).[1]

The City asserts that section 75.002 applies and that it owed to Ashley Harris only the same duties owed to a trespasser, i.e., not to injure him willfully or through gross negligence and to warn of, or make safe, dangerous conditions actually known.[2] *Burton Construction and Shipbuilder Co. v. Broussard,* 154 Tex. 50, 273 S.W.2d 598, 603 (1955); *Mendoza v. City of Corpus Christi,* 700 S.W.2d 652, 654 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). We disagree.

The two statutes give rise to an apparent conflict when the landowner is a governmental entity who gives implied permission to use its property for recreation purposes. When faced with a conflict in statutory provisions, the Code Construction Act gives us guidance:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general rule, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988). The predecessor to section 75.002 was enacted in 1965 as Article 1b in the General Provisions of Title 1 of the Texas Revised Civil Statutes. *See* Act of May 29, 1965, 59th Leg., R.S., ch. 677, 1965 Tex.Gen.Laws 1551, 1551–2; TEX.REV.CIV.STAT.ANN. art. 1b, § 1 (Vernon 1969). The predecessor to section 101.022(a), Article 6252–19, § 18(b) of the Texas Revised Civil Statutes, was enacted four years later in 1969. *See* Texas Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex.Gen.Laws 874, 878–79; TEX.REV.CIV.

---

**1.** Section 75.002 was amended effective September 1, 1989. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(c) (Vernon Supp.1994). This cause of action accrued prior to the effective date, and therefore, the amendments are not applicable to this case. In any event, the amendments resulted in no substantive change in the statutory provision at issue in this case.

**2.** In a cross-point, the Mitchells argue that the City owed Ashley Harris the same duty as is

owed to invitees because the Mitchells paid for use of the park through the payment of taxes. The court of appeals rejected this argument. 855 S.W.2d at 747; *see also, Garcia v. State,* 817 S.W.2d 741, 743 (Tex.App.—San Antonio 1991, writ denied). The Mitchells did not file a motion for rehearing on this point with the court of appeals and thus have waived this point of error. TEX.R.APP.P. 131(e). *See also City of Denton v. Van Page,* 701 S.W.2d 831, 833, n. 2 (Tex.1986).

STAT.ANN. art. 6252–19, § 18(b) (Vernon 1970).

In light of this legislative history, the court of appeals correctly concluded that section 75.002 and its predecessor, Article 1b, were intended to be laws of general application and that section 101.022(a) and its predecessor, Article 6252–19, § 18(b), were specific laws applicable to governmental landowners. When two statutes conflict, the specific controls over the general. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 881 (1947); TEX.GOV'T CODE ANN. § 311.026(b). In addition, the more recent statutory enactment prevails over an earlier statute. TEX.GOV'T CODE ANN. § 311.025(a).

We hold that section 75.002 does not apply to governmental entities because the standard of care owed to recreational users on government property is specified in section 101.022 of the Texas Tort Claims Act. We disapprove of *Martinez v. Harris County*, 808 S.W.2d 257 (Tex.App.—Houston [1st Dist.] 1991, writ denied) and *Tarrant County Water Control & Imp. Dist. No. 1 v. Crossland*, 781 S.W.2d 427 (Tex.App.—Fort Worth 1989, writ denied) to the extent these cases are contrary to our holding today. The judgment of the court of appeals is affirmed.