# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00111-CV

**The State of Texas Acting through the Texas Department of Parks and Wildlife and the Texas Department of Parks and Wildlife, Appellants**

**v.**

**Ricky Shumake and Sandra Shumake, Individually and as Personal Representative of the Estate of Kayla Shumake, Deceased, Appellees**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT NO. 5,278, HONORABLE GUILFORD L. JONES, JUDGE PRESIDING

- - - - - - - - - - - - - - - - - - - -
## CONCURRING OPINION
- - - - - - - - - - - - - - - - - - - -

Although I concur in the affirmance of the district court=s denial of the plea to the jurisdiction, I choose to write separately to express my disagreement with the majority=s conclusion that citizens of this state who pay a fee to enter public lands are due only the duty owed to trespassers by our state government.

Historically, at common law, landowner duty was determined by the status of the individual coming onto the land. Generally, individuals paying for the privilege of entry onto the land were accorded the highest duty, that of invitee status. Those individuals on the land without the knowledge or permission of the landowners were accorded the lowest duty, naked trespasser status. Intermediate to these two were individuals with permission but without charge who were extended licensee status. Each of these categories carried with it a concomitant duty of care owed by the landowner. Pertinent to this appeal, the Texas Legislature has enacted two statutes dealing with the issue of landowner liability, the Texas Tort Claims Act and the Recreational Use Statute. *See* Tex. Civ. Prac. & Rem. Code Ann. chs. 101, 75 (West 1997 & Supp. 2004).

Pursuant to the tort claims act and specific as to landowner liability, the legislature required units of government to extend to all its citizens on public lands the duty owed to a licensee, except that when the citizen paid a fee for entry, the highest duty, that owed to invitees, applied. *See id.* ' 101.022 (a) (West Supp. 2004); *see also Clay v. City of Fort Worth*, 90 S.W.3d 414 (Tex. App.CAustin 2002, no pet.).

The recreational use statute, passed four years before the tort claims act, was interpreted by the Texas Supreme Court to only apply to private landowners.[1] *See City of Dallas v. Mitchell*, 870 S.W.2d 21 (Tex. 1994); *see also* Tex. Civ. Prac. & Rem. Code Ann. ch. 75. As the majority observes, this interpretation made perfect sense given that the obvious legislative intent of the recreational use statute

---

[1] The predecessor to chapter 75 (the Recreational Use Statute) was enacted in 1965. *See* Act of May 29, 1965, 59th Leg., R.S., ch. 677, 1965 Tex. Gen. Laws 1551, 1551-52. The predecessor to chapter 101 (the Texas Tort Claims Act) was enacted four years later in 1969. *See* Texas Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex. Gen. Laws 874, 878-79. *See also City of Dallas v. Mitchell*, 870 S.W.2d 21 (Tex. 1994).

was to encourage private landowners to make their property available to the public for recreational usage. Slip opinion pg. ___. As to private landowners, the legislature provided that those individuals using the landowners=property with *permission* but without paying an *entrance fee* were only due the duty owed to a trespasser. Tex. Civ. Prac. & Rem. Code Ann. ' 75.003(c) (West Supp. 2004). However, it is noteworthy that the recreational use statute divides landowners into two groups, those that charge a fee and those that do not. And, landowners that charge a fee must accord persons on the land the duty owed to invitees.[2] *See id.*; *see also McMillan v. Parker*, 910 S.W.2d 616, 619 (Tex. App.CAustin 1995, writ denied). This division of duties parallels the division outlined in the tort claims act. Thus, in both statutes, the legislative history is clear as to landowner liabilityCwhere a charge is made, a higher duty of care is required of landowners.

Against this legislative backdrop, the majority construes the recreational use statute in such a way as to override the tort claims act even though the governmental unit in question has charged one of its citizens to use public land. Curiously, this interpretation accords these citizens only trespasser status, although I concur with the majority=s analysis of the enhanced duty owed to a *known* trespasser. Because I believe that this construction is against clear legislative history and intent over the last third of a century, I would agree with the trial court that the Texas Tort Claims Act should apply, and the Shumakes should be accorded invitee status. Furthermore, I would call upon the legislature to clarify this clear anomaly regarding a governmental landowner=s duties and responsibilities.

---

[2] Within the recreational use statute there is an exception for landowners that charge only a nominal fee. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 75.003 (West Supp. 2004).

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Filed:   December 4, 2003