TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00111-CV






The State of Texas Acting through the Texas Department of Parks and Wildlife and the


Texas Department of Parks and Wildlife, Appellants



v.



Ricky Shumake and Sandra Shumake, Individually and as Personal Representative of the


Estate of Kayla Shumake, Deceased, Appellees






FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 5,278, HONORABLE GUILFORD L. JONES, JUDGE PRESIDING









CONCURRING OPINION







 Although I concur in the affirmance of the district court's denial of the plea to the
jurisdiction, I choose to write separately to express my disagreement with the majority's conclusion
that citizens of this state who pay a fee to enter public lands are due only the duty owed to trespassers
by our state government.

 Historically, at common law, landowner duty was determined by the status of the
individual coming onto the land. Generally, individuals paying for the privilege of entry onto the
land were accorded the highest duty, that of invitee status. Those individuals on the land without
the knowledge or permission of the landowners were accorded the lowest duty, naked trespasser
status. Intermediate to these two were individuals with permission but without charge who were
extended licensee status. Each of these categories carried with it a concomitant duty of care owed
by the landowner. Pertinent to this appeal, the Texas Legislature has enacted two statutes dealing
with the issue of landowner liability, the Texas Tort Claims Act and the Recreational Use Statute. 
See Tex. Civ. Prac. & Rem. Code Ann. chs. 101, 75 (West 1997).

 Pursuant to the tort claims act and specific as to landowner liability, the legislature
required units of government to extend to all its citizens on public lands the duty owed to a licensee,
except that when the citizen paid a fee for entry, the highest duty, that owed to invitees, applied. See
id. § 101.022 (a); see also Clay v. City of Fort Worth, 90 S.W.3d 414 (Tex. App.--Austin 2002, no
pet.).

 The recreational use statute, passed four years before the tort claims act, was
interpreted by the Texas Supreme Court to only apply to private landowners. (1) See City of Dallas v.
Mitchell, 870 S.W.2d 21 (Tex. 1994); see also Tex. Civ. Prac. & Rem. Code Ann. ch. 75. As the
majority observes, this interpretation made perfect sense given that the obvious legislative intent of
the recreational use statute was to encourage private landowners to make their property available to
the public for recreational usage. Slip opinion pg. ___. As to private landowners, the legislature
provided that those individuals using the landowners' property with permission but without paying
an entrance fee were only due the duty owed to a trespasser. Tex. Civ. Prac. & Rem. Code Ann.
§ 75.003(c). However, it is noteworthy that the recreational use statute divides landowners into two
groups, those that charge a fee and those that do not. And, landowners that charge a fee must accord 
persons on the land the duty owed to invitees. (2) See id.; see also McMillan v. Parker, 910 S.W.2d
616, 619 (Tex. App.--Austin 1995, writ denied). This division of duties parallels the division
outlined in the tort claims act. Thus, in both statutes, the legislative history is clear as to landowner
liability--where a charge is made, a higher duty of care is required of landowners.

 Against this legislative backdrop, the majority construes the recreational use statute
in such a way as to override the tort claims act even though the governmental unit in question has
charged one of its citizens to use public land. Curiously, this interpretation accords these citizens
only trespasser status, although I concur with the majority's analysis of the enhanced duty owed to
a known trespasser. Because I believe that this construction is against clear legislative history and
intent over the last third of a century, I would agree with the trial court that the Texas Tort Claims
Act should apply, and the Shumakes should be accorded invitee status. Furthermore, I would call
upon the legislature to clarify this clear anomaly regarding a governmental landowner's duties and
responsibilities. 



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Filed: December 4, 2003
1. The predecessor to chapter 75 (the Recreational Use Statute) was enacted in 1965. See Act
of May 29, 1965, 59th Leg., R.S., ch. 677, 1965 Tex. Gen. Laws 1551, 1551-52; Tex. Rev. Civ. Stat.
Ann. art. 1b, § 1 (West 1969). The predecessor to chapter 101 (the Texas Tort Claims Act) was
enacted four years later in 1969. See Texas Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex.
Gen. Laws 874, 878-79; Tex. Rev. Civ. Stat. Ann. art. 6252-19, § 18(b) (West 1970). See also City
of Dallas v. Mitchell, 870 S.W.2d 21 (Tex. 1994).
2. Within the recreational use statute there is an exception for landowners that charge only
a nominal fee. See Tex. Civ. Prac. & Rem. Code Ann. § 75.003.