

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 27, 2016

The Honorable Jane Nelson
Chair, Committee on Finance
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. KP-0093

Re: Whether an institution of higher education may enter into a contract with a business entity in which an institution's board member has an interest (RQ-0081-KP)

Dear Senator Nelson:

You ask whether "an institution of higher education may enter into a contract with a business entity in which an institution's board member has an interest."[1] You explain that during its 2015 session, the Legislature enacted Senate Bill 20 relating to various aspects of state agency contracting.[2] Among the legislative changes in Senate Bill 20 is the addition of subchapter F to chapter 2261 of the Government Code. *See* TEX. GOV'T CODE §§ 2261.251–.257 (subchapter F, "Ethics, Reporting, and Approval Requirements for Certain Contracts"). Subsection 2261.252(b) provides that a "state agency may not enter into a contract for the purchase of goods or services with a private vendor with whom [certain] agency employees or officials have a financial interest," specifically including "a member of the agency's governing body." *Id.* § 2261.252(b)(1). While subchapter F does not define "state agency," the Legislature expressly applied the subchapter "to an institution of higher education acquiring goods or services under" certain grants of authority in the Education Code. *Id.* § 2261.251(a); TEX. EDUC. CODE §§ 51.9335 ("best value" acquisition authority generally applicable to institutions of higher education), 73.115 ("best value" authority of the University of Texas M. D. Anderson Cancer Center).[3]

---

[1]*See* Letter from Honorable Jane Nelson, Chair, Senate Comm. on Finance, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 23, 2015), https://www.texasattorneygeneral.gov/opinion/request-for-opinion-rqs ("Request Letter").

[2]Act of May 31, 2015, 84th Leg., R.S., ch. 326, 2015 Tex. Gen. Laws 1477, 1477–89 (Senate Bill 20).

[3]For purpose of subtitle D of the Government Code ("State Purchasing and General Services"), "state agency" means:

> (1) a department, commission, board, office, or other agency in the executive branch of state government created by the state constitution or a state statute;

An existing provision of the Education Code, however, subsection 51.923(d), states that an "institution of higher education is not prohibited from entering into a contract or other transaction with a business entity in which a member of the governing board of the institution of higher education has an interest" provided the interest is not substantial or the member discloses the interest and refrains from voting on the contract or transaction. TEX. EDUC. CODE § 51.923(d).[4] As you note, "[t]hese provisions appear to contradict one another." Request Letter at 1.

When two statutes appear contradictory, courts try to harmonize them to avoid conflicts, giving full effect to both if possible. *Texas Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC.*, 324 S.W.3d 95, 107 (Tex. 2010); *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) (stating that "statutory repeals by implication are not favored"). When statutes irreconcilably conflict, the Code Construction Act provides rules to determine which should prevail. Subsection 311.025(a) of the Code Construction Act provides that if effect cannot be given to two irreconcilable statutes, the statute latest in date of enactment prevails as the last expression of legislative intent. TEX. GOV'T CODE § 311.025(a) (Code Construction Act). But a different rule applies when one provision is general and the other is specific on the same subject, in which case the specific provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex. 2000) (recognizing the "traditional statutory construction principle that the more specific statute controls over the more general").[5]

We begin by examining the scope of the two statutes to determine the extent to which they may conflict. Section 2261.252 of the Government Code is a prohibition on certain contracts of state agencies:

> (b) A state agency may not enter into a contract for the purchase of goods or services with a private vendor with whom any of the

---

*(continued from previous page)*

> (2) the supreme court, the court of criminal appeals, a court of appeals, or the Texas Judicial Council; or
>
> (3) a university system or an institution of higher education as defined by Section 61.003, Education Code, except a public junior college.

TEX. GOV'T CODE § 2151.002.

[4]The substance of section 51.923(d) was enacted in 1989, and the section was last amended in 2011. Act of May 22, 1989, 71st Leg., R.S., ch. 647, § 1, 1989 Tex. Gen. Laws 2140, 2140–41 (formerly codified as section 51.921, Education Code), *renumbered by* Act of March 25, 1991, 72d Leg., R.S., ch. 16, § 19.01(23), 1991 Tex. Gen. Laws 244, 369, *and amended by* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 5.95(91), 1995 Tex. Gen. Laws 458, 553; Act of May 27, 2011, 82d Leg., R.S., ch. 1049, § 2.01, 2011 Tex. Gen. Laws 2687, 2690.

[5]While subsection 311.026(b) states that a "special or local provision" prevails over a general provision, opinions of Texas courts and attorney general opinions construe "special or local" to mean "specific." Tex. Att'y Gen. Op. No. GA-0650 (2008) at 4, *citing City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994).

> following agency employees or officials have a financial interest:
>
> (1) a member of the agency's governing body;
>
> (2) the governing official, executive director, general counsel, chief procurement officer, or procurement director of the agency; or
>
> (3) a family member related to an employee or official described by Subdivision (1) or (2) within the second degree by affinity or consanguinity.
>
> (c) A state agency employee or official has a financial interest in a person if the employee or official:
>
> (1) owns or controls, directly or indirectly, an ownership interest of at least one percent in the person, including the right to share in profits, proceeds, or capital gains; or
>
> (2) could reasonably foresee that a contract with the person could result in a financial benefit to the employee or official.

TEX. GOV'T CODE § 2261.252(b)–(c). Subsection 51.923(d) of the Education Code is a grant of authority, allowing institutions of higher education specifically to contract with an entity in which a member of the board of trustees has an interest in certain circumstances:

> (d) An institution of higher education is not prohibited from entering into a contract or other transaction with a business entity in which a member of the governing board of the institution of higher education has an interest if the interest is not a substantial interest or, if the interest is a substantial interest, the board member discloses that interest in a meeting held in compliance with Chapter 551, Government Code, and refrains from voting on the contract or transaction requiring board approval. Any such contract or transaction requiring board approval must be approved by an affirmative majority of the board members voting on the contract or transaction.

TEX. EDUC. CODE § 51.923(d).[6]

---

[6]Subsection 51.923(e) defines what constitutes a substantial interest under the statute:

> [A] member of a governing board has a substantial interest in a business entity if:
>
> (1) the member owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity;

Because subsection 51.923(d) of the Education Code would authorize some contracts that subsection 2261.252(b) of the Government Code would prohibit, the statutes irreconcilably conflict where they overlap. *See NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 469 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (stating that statutes conflict "[i]f the same factual situation can harvest different results under different statutes" (internal quotation marks omitted)). Thus, we must analyze how to resolve the conflict using the rules in the Code Construction Act.

Briefs submitted to this office contend that section 51.923 of the Education Code should operate as a specific exception to section 2261.252 of the Government Code.[7] Even if we were to agree that section 51.923 of the Education Code is the more specific statute, this would not render it effective as an exception to section 2261.252 of the Government Code. This is because a general statute will prevail over a specific statute when "the general provision is the later enactment and the manifest intent is that the general provision prevail." TEX. GOV'T CODE § 311.026(b). In section 2261.252, the later-enacted statute, the Legislature specifically made the prohibition applicable to an "institution of higher education," and expressly included members of a governing body within the prohibition. *Id.* §§ 2261.251(a), .252(b)(1), (3). Thus, the words of specific inclusion manifest intent that the statute prevail with respect to certain contracts for the purchase of the specified goods and services by an institution of higher education. *Id.* § 2261.251(a). For such contracts, the prohibition in section 2261.252(b) prevails over the authorization in section 51.923 of the Education Code to the extent the statutes conflict.[8] Accordingly, section 2261.252(b) of the Government Code prohibits a contract by an institution of higher education to purchase certain goods or services from a private vendor in which a member of the institution's governing body or a certain family member has a prohibited financial interest.

---

*(continued from previous page)*

> (2) funds received by the member from the business entity exceed 10 percent of the member's gross income for the previous year . . . .
>
> (3) the member is an officer of the business entity or a member of the governing board of the business entity; or
>
> (4) an individual related to the member in the first degree by consanguinity or affinity, as determined under Chapter 573, Government Code, has an interest in the business entity as described by Subdivision (1), (2), or (3).

TEX. EDUC. CODE § 51.923(e)(1)–(4).

[7]*See generally* Brief from John Huffaker, Vice Chancellor & Gen. Counsel, Tex. Tech. Univ. Sys. (Jan. 12, 2016); Brief from Daniel H. Sharphorn, Vice Chancellor & Gen. Counsel, the Univ. of Tex. Sys. (Dec. 22, 2015) (briefs on file with the Op. Comm.).

[8]Contracts and transactions not subject to the prohibition in section 2261.252(b) of the Government Code may still be authorized under section 51.923 of the Education Code.

**SUMMARY**

Section 2261.252 of the Government Code prohibits a contract by an institution of higher education to purchase certain goods or services from a private vendor in which a member of the institution's governing body or a certain family member has a prohibited financial interest.

Very truly yours,

Ken Paxton

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee