**DISMISS and Opinion Filed October 24, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00625-CV

### IN THE INTEREST OF W.A.H., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-23-08291**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

The underlying suit was filed by the Department of Family and Protective Services and includes competing petitions for conservatorship filed by mother and by W.A.H.'s aunt and uncle. By this appeal, father challenges the trial court's May 26, 2023 interlocutory order granting temporary sole managing conservatorship to mother, ordering father to pay child support, imposing temporary injunctions against father, and dismissing the Department. Because the order is not appealable, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

It is well-settled that an appeal may be taken only from a final judgment that disposes of all parties and claims and interlocutory orders as allowed by statute. *See*

*Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Because section 105.001(e) of the Texas Family Code specifically prohibits an appeal from temporary orders rendered in suits affecting the parent-child relationship, we requested father to file a letter brief addressing the jurisdictional issue. *See* TEX. FAM. CODE ANN. § 105.001(e). Father complied.

In his letter brief, father argues section 105.001(e) does not apply because that section limits appeals to temporary orders rendered under "this section"–section 105.001–and the temporary orders at issue were rendered under chapter 153 of the family code. *See* TEX. FAM. CODE ANN. § 105.001(e) ("Temporary orders rendered under *this* section are not subject to interlocutory appeal.") (emphasis added); *see also id.* Tit. 5, Subt. B, Ch. 153 (concerning conservatorship, possession, and access to child). Alternatively, he argues the order is appealable under civil practice and remedies code section 51.014(a)(4), which generally authorizes appeals from orders granting temporary injunctions, or as a final judgment because it dismisses the Department as well as all claims the Department asserted.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). These arguments, however, fail. While the appealed order dismisses the Department, it does not dispose of mother's or aunt and uncle's petitions and, as a result, is not final. *See Tipps*, 842 S.W.2d at 272. Further, while the order concerns, in part, the conservatorship of W.A.H., an issue governed by

---

[1] Father argues we have jurisdiction on several other grounds, including that he will be challenging the constitutionality of certain statutes and he received unequal treatment under the law. These additional grounds, however, are not jurisdictional.

chapter 153, the order was *authorized* under section 105.001(a). That section authorizes temporary orders in all suits affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 105.001(a) (providing that "[I]n a suit, the court may make a temporary order . . . for the temporary conservatorship [and] support of the child[.]"); *see also* § 101.031 (defining "suit"); § 101.032 (defining "suit affecting the parent-child relationship"). Additionally, as a provision specific to cases under the family code, section 105.001(e) prevails over the general provision in section 51.014(a)(4). *See City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex. 1994) ("When two statutes conflict, the specific controls over the general.").

Because father appeals from an unappealable order, we dismiss the appeal for want of jurisdiction. *See id.* 105.001(e); TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
230625F.P05                                     CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF W.A.H., A CHILD

No. 05-23-00625-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-23-08291. Opinion delivered by Chief Justice Burns. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered October 24, 2023