**Robert LIPTON, Appellant,**

v.

**George W. WILHITE, Appellee.**

No. 01–94–01042–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 20, 1995.

Rehearing Overruled May 25, 1995.

Ronald D. Krist, David Slaughter, Houston, for appellant.

James Boanerges, Alan Janiga, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

HUTSON–DUNN, Justice.

In this case, we are presented with a single issue for review: does the Texas recreational use statute apply when a social guest sues a landowner for injuries incurred while engaging in a recreational activity on the owner's property? We hold that it does not. We reverse the take-nothing summary judgment that the trial court rendered in favor of the landowner and remand this case for trial.

### I. Summary of Facts

The appellant, Robert Lipton, was seriously injured when he dove from a dock on Lake Livingston that was owned and occupied by the appellee, George Wilhite.[1] At the time of the accident, Lipton was spending the weekend with Todd Wilhite, son of George Wilhite, at a lake house owned by George Wilhite. Lipton sued both George and Todd Wilhite for negligence. In his pleadings, Lipton alleged that the Wilhites were negligent by not providing him with a safe place to dive and by not warning him of the shallow water surrounding the dock from which he dove. Lipton alleged that the Wilhites knew or should have known that the lake water where the accident occurred was shallow. He claimed that Todd Wilhite told him to "dive shallow" into the lake moments before the accident. Finally, Lipton alleged that he did not know that the water was shallow, and the Wilhites' negligence was the proximate cause of his injuries.

The Wilhites moved for summary judgment on Lipton's negligence claim. Because Lipton's suit against Todd Wilhite was severed from the present lawsuit, we do not

---

1. The summary judgment evidence shows that the *Trinity River Authority* ("TRA") owned the land to which the dock was attached. However, George Wilhite testified in deposition that he paid the TRA a fee for the privilege of building a dock on the lake, and he had all the rights, powers, privileges, and benefits of a possessor of premises in regard to the dock.

consider Todd Wilhite's motion. George Wilhite based his motion for summary judgment solely on the Texas recreational use statute. This statute provides:

(3) "Recreation" means an activity such as hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, cave exploration, and water-skiing and other water sports.

TEX.CIV.PRAC. & REM.CODE ANN. § 75.001(3) (Vernon Supp.1995). The statute also states:

(c) If an owner, lessee, or occupant of real property ... gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

(1) assure that the premises are safe for that purpose;

(2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

(3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(c) (Vernon Supp.1995).

■ The only duty that a landowner owes a trespasser is to refrain from injuring him wilfully, wantonly, or through gross negligence. *City of Dallas v. Mitchell*, 870 S.W.2d 21, 22 (Tex.1994); *Burton Constr. & Shipbuilding Co. v. Broussard*, 154 Tex. 50, 273 S.W.2d 598, 603 (1954). Wilhite alleged in his motion that the summary judgment evidence conclusively established that he did not injure Lipton willfully, wantonly, or through gross negligence. The trial court agreed and rendered a take-nothing summary judgment against Lipton based upon section 75.002(c) of the Civil Practice and Remedies Code.

**II. Analysis**

■ Lipton has not asserted in his pleadings or in his appellate brief that Wilhite was grossly negligent. Rather, he contends in his first three points of error that the trial court misconstrued section 75.002(c) of the Civil Practice and Remedies Code and thus erroneously rendered summary judgment. Specifically, Lipton argues that the statutory language and legislative history of chapter 75 indicate that the statute does not shield a landowner from liability for injuries that a social guest sustains while engaged in a recreational activity on the owner's property.[2] Lipton asserts that section 75.002(c) was enacted for the purpose of encouraging private landowners to make their land available to the *public* free of charge. Because Lipton was a private social guest invited by Wilhite's son to the lake house at the time of his injury rather than a member of the public, he argues that the recreational use statute is inapplicable to the facts of this case.

Several cases have stated that the purpose of the Texas recreational use statute is to encourage landowners to allow *public recreation* on their property by limiting landowner liability. *Kopplin v. City of Garland*, 869 S.W.2d 433, 439 (Tex.App.—Dallas 1993, writ denied); *Martinez v. Harris County*, 808 S.W.2d 257, 259–61 (Tex.App.—Houston [1st Dist.] 1991, writ denied), *overruled on other grounds*, 870 S.W.2d 21, 23 (Tex.1994); *Tarrant County Water Control and Improvement Dist. No. 1 v. Crossland*, 781 S.W.2d 427, 437 (Tex.App.—Forth Worth 1989, writ denied), *overruled on other grounds*, 870 S.W.2d 21, 23 (Tex.1994).[3] Both *Kopplin* and *Martinez* rely on *Crossland*, and *Crossland* cites a New York case construing the New York recreational use statute. *Crossland*, 781 S.W.2d at 437. To determine whether section 75.002(c) applies in this case, we consider it in light of the Code Construction Act. TEX.GOV'T CODE ANN. § 311.001 (Vernon 1988); TEX.CIV.PRAC. & REM.CODE ANN.

2. We use the term "landowner" for illustrative purposes only. We note that the statute expressly applies to lessees and occupants of land as well landowners.

3. In *City of Dallas v. Mitchell*, 870 S.W.2d 21, 23 (Tex.1994), the Supreme Court of Texas held that

section 75.002 of the Civil Practice and Remedies Code does not apply to governmental entities because section 101.022 of the Texas Tort Claims Act imposes a higher duty of care upon a governmental entity. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022 (Vernon 1986).

§ 1.002 (Vernon Supp.1995). When construing a statute, whether or not the statute is ambiguous on its face, we may consider the:

    (1) object sought to be attained;

    (2) circumstances under which the statute was enacted;

    (3) legislative history;

    (4) common law or former statutory provisions, including laws on the same or similar subjects;

    (5) consequences of a particular construction;

    (6) administrative construction of the statute; and

    (7) title (caption), preamble, and emergency provision.

*University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 n. 3 (Texas 1994); TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988).

In 1965, the Council of State Governments promulgated suggested legislation entitled, "Public recreation on private lands: limitations on liability." *See* 24 SUGGESTED STATE LEGISLATION 150 (COUNCIL OF STATE GOVERNMENTS, 1965). In the same year, the Texas legislature enacted its own recreational use statute to limit the liability of owners and occupiers of real property who permit persons to enter for the activities of hunting, fishing, and camping. Act of May 29, 1965, 59th Leg., R.S. ch. 677, 1965 Tex.Gen.Laws 1551, 1551. The emergency provision in the act stated that the statute was enacted in response to the great demand for recreational facilities. *Id.* at § 8. The statute was amended in 1981, and again in 1989, to apply to additional activities such as water sports, pleasure driving, and cave exploration. Act of May 30, 1981, 67th Leg., R.S., ch. 349, 1981 Tex.Gen.Laws 934, 934; Act of May 15, 1989, 71st Leg., R.S., ch. 736, § 2, 1989 Tex. Gen.Laws 3299. Transcripts of floor proceedings in the House of Representatives and testimony before the House Judiciary Committee indicate that the purpose of the 1981 amendment was to encourage private landowners to open their land for public recreation free of charge by reducing the possibility of lawsuits by persons injured on the premises.[4] The phrase "permission ... to enter the premises" in current section 75.002(c) of the Civil Practice and Remedies Code has remained unchanged since the original statute in 1965.

We are persuaded by the legislative history of section 75.002(c) that the legislature did not intend the recreational use statute to apply to facts such as those in this case. The legislative history that we have reviewed indicates that the statute was only intended to apply to persons who would otherwise be trespassers but for the giving of permission. In other words, we perceive that the legislature enacted the statute to encourage a possessor of land to allow persons whom he would not otherwise invite as social guests to enter his land for recreational purposes free of charge. The recreational user's price for this new right of entry is the acceptance of a lower standard of care. To hold otherwise in this case would emasculate the common-law duties that a possessor of land owes to his licensee without furthering the statute's purpose.

We sustain Lipton's first three points of error, and we hold that the trial court erroneously granted Wilhite's motion for summary judgment. In light of our disposition of this case, we need not consider Lipton's remaining points of error.

We reverse the judgment of the trial court and remand this case for trial.

---

**4.** Debate on Tex. H.B. 749 on the Floor of the House, 67th Leg., R.S. 1–3 (April 30, 1981) (transcript available from House Committee Coordinator); Hearings on H.B. 749 Before the House Comm. on the Judiciary, 67th Leg., R.S. 1–6 (February 24, 1981) (transcript available from House Committee Coordinator).