Garrison 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00545-CV







Harold Scott Garrison, Individually; Teresa Garrison, Individually; and Harold Scott

Garrison and Teresa Garrison as Next Friend of Laci Garrison, a Minor Child, Appellants


v.



Michael McCormick and Kathleen McCormick, Appellees







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 94-PI-135, HONORABLE LEE DUGGAN, JR., JUDGE PRESIDING








 Appellants, Harold Scott Garrison and Teresa Garrison, individually and as next
friend of Laci Garrison, appeal from a summary judgment granted in favor of appellees. We will
reverse and remand to the trial court.



BACKGROUND


 On June 13, 1992, appellant Laci Garrison and her parents, appellants Scott and
Teresa Garrison, attended a social gathering at appellees' residence. During the course of the
gathering, six-year-old Laci Garrison slipped beneath the surface of the water as she was
swimming in appellees' swimming pool. Laci was underwater for several minutes before being
discovered, and as a result, appellants assert that she suffered some degree of permanent brain
injury. Appellants brought suit alleging negligence and gross negligence. Appellees filed a
motion for summary judgment asserting that they were protected from all liability by the Texas
Recreational Use Statute, which entitled them to judgment as a matter of law. See Tex. Civ. Prac.
& Rem. Code § 75.002 (West Supp. 1996). The trial court granted appellees' motion, and
appellants now appeal in four points of error.



DISCUSSION


 In their first point of error, appellants allege that the trial court erred in granting
appellees' motion for summary judgment. The standards for reviewing a summary judgment are
well established: (1) the movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The purpose of the summary judgment
rule is to eliminate patently unmeritorious claims and defenses, rather than to deprive litigants of
the right to a jury trial. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

 Appellants argue that the Texas Recreational Use Statute was not a proper basis for
summary judgment. According to appellants, the purpose of the statute as well as of its 1981 and
1989 amendments is to encourage private landowners to open their land for public recreation free
of charge by reducing the possibility of lawsuits by persons injured on the premises. Appellants
claim that section 75.002 does not apply to a social guest who sues a landowner for injuries
incurred while engaging in a recreational activity on the owner's property. Because we recently
decided this same issue favorable to appellants, we must reverse this cause.

 In Lipton v. Wilhite, 902 S.W.2d 598 (Tex. App.--Houston [1st Dist.] 1995, writ denied),
appellant, who was spending the weekend with appellee's son, was seriously injured when he dove
into a lake from a dock owned by appellee. Appellant sued both father and son for negligence,
and the suits were severed. Appellee father's motion for summary judgment was granted. In
holding that the trial court erroneously granted this motion, the court held that the Texas
Recreational Use Statute does not apply when a social guest sues a landowner for injuries incurred
while engaging in a recreational activity on the owner's property. Id. The court concluded that
the statute was enacted "to encourage a possessor of land to allow persons whom he would not
otherwise invite as social guests to enter his land for recreational purposes free of charge" and that
the legislature did not intend the statute to apply to a factual situation such as the one in that case. 
Id. at 600.

 In McMillan v. Parker, 910 S.W.2d 616 (Tex. App.--Austin 1995, writ denied), this
Court addressed the same issue and reached the same result. In McMillan, appellant accepted
appellee's invitation to accompany him to his ranch to spend time together and to view wild boar
on the property. While observing wild boar, appellant fell from the tree in which she was perched
and sustained serious injuries to her feet and back. Id. at 617. In reversing the summary
judgment granted in favor of appellee, we determined that appellant, as a social guest, was
excluded from the operation of the recreational-use statute. Id. at 619.

 In light of Lipton and our recent decision in McMillan, we believe it is unnecessary
to elaborate further in our analysis of the issue raised on appeal. As a social guest in this case,
appellant was either a licensee or an invitee. While we do not comment as to extent of the duties
owed by appellees to appellants, if any, we must hold that the evidence does not support summary
judgment based solely on the Texas Recreational Use Statute.



CONCLUSION


 Because the recreational-use statute does not apply to the facts of this case, we
sustain appellants' first point of error. Accordingly, we do not address appellants' remaining
points. We reverse the judgment of the trial court and remand the cause to that court for further
proceedings.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Reversed and Remanded

Filed: April 24, 1996

Do Not Publish