Davis v Hinds (2023 NY Slip Op 02206)

Davis v Hinds

2023 NY Slip Op 02206

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

147 CA 22-00809

[*1]MICHAEL DAVIS, PLAINTIFF-RESPONDENT,
v
R. FOSTER HINDS AND NANCY HINDS, DEFENDANTS-APPELLANTS. 

ERNEST D. SANTORO, ESQ., P.C., ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PULOS AND ROSELL, LLP, HORNELL (TIMOTHY J. ROSELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), dated November 3, 2021. The judgment awarded plaintiff money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part against defendant Nancy Hinds and dismissing the complaint against that defendant, and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell from a tree stand on property owned by defendants. Just prior to the accident, plaintiff and R. Foster Hinds (defendant) installed the tree stand. Defendant supplied the tree stand platform, a ladder, and a ratchet strap that was used to secure the stand to the tree. Defendant had purchased the ratchet strap in a set of three and was aware that one of the straps in that set had previously broken when he tested it. After the tree stand was installed, plaintiff stepped onto the platform to test it and the ratchet strap broke, causing plaintiff to fall. Following a bench trial, Supreme Court determined, inter alia, that defendants were liable for negligence and awarded plaintiff money damages. Defendants appeal.
Contrary to defendants' contention, we conclude that they are not immune from liability pursuant to General Obligations Law § 9-103. That provision, also known as the "recreational use statute," grants landowners immunity from liability for ordinary negligence when a person is injured while engaged in certain enumerated recreational activities (see Bragg v Genesee County Agric. Socy., 84 NY2d 544, 546-547 [1994]). The statute provides, as relevant here, that a landowner has "no duty to keep the premises safe . . . or to give warning of any hazardous condition . . . to persons entering for [the enumerated recreational] purposes" (General Obligations Law § 9-103 [1] [a]). However, if a defendant's alleged liability is not premised on any condition on the land but rather is based on the defendant's "affirmative acts of negligence," General Obligations Law § 9-103 is not applicable (Sabia v Niagara Mohawk Power Corp., 87 AD3d 1291, 1293 [4th Dept 2011]; see Hulett v Niagara Mohawk Power Corp., 1 AD3d 999, 1001-1002 [4th Dept 2003]; Del Costello v Delaware & Hudson Ry. Co., 274 AD2d 19, 21-24 [3d Dept 2000]; Sauberan v Ohl, 239 AD2d 891, 891 [4th Dept 1997]; Lee v Long Is. R.R., 204 AD2d 280, 281-282 [2d Dept 1994]). Here, defendants' liability was not premised on any condition on the land, but rather was based on defendant's alleged affirmative negligence in providing plaintiff with the faulty strap for the installation of the tree stand.
We reject defendants' further contention that the court's determination that defendant was affirmatively negligent is against the weight of the evidence. "It is well settled . . . that the decision of a court following a nonjury trial should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Burke v Women Gynecology & Childbirth Assoc., P.C., 195 AD3d 1393, 1394 [4th [*2]Dept 2021] [internal quotation marks omitted]; see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]). Based on our review of the record, we conclude that the trial testimony that defendant bought the ratchet strap in a package of three, that another strap in that set had previously broken, and that, despite that knowledge, defendant provided the strap to use in the installation of the tree stand supports the court's determination. We reject defendants' contention that plaintiff's own conduct constituted an intervening, superseding cause that broke the chain of causation (see generally Hain v Jamison, 28 NY3d 524, 529-532 [2016]). We agree, however, with defendants that the court's determination that defendant Nancy Hinds was negligent could not be reached under any fair interpretation of the evidence (see generally Thoreson, 80 NY2d at 495; Tarsel v Trombino, 196 AD3d 1100, 1101 [4th Dept 2021]). We therefore modify the judgment accordingly.
We have considered defendants' remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court