Clover/Allen's Cr. Neighborhood Assn. LLC v M&F LLC (2023 NY Slip Op 06664)

Clover/Allen's Cr. Neighborhood Assn. LLC v M&F LLC

2023 NY Slip Op 06664

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND NOWAK, JJ.

943 CA 23-00600

[*1]CLOVER/ALLEN'S CREEK NEIGHBORHOOD ASSOCIATION LLC, SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR, PLAINTIFFS-APPELLANTS,
v
M & F LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, TOWN OF BRIGHTON, TOWN BOARD OF THE TOWN OF BRIGHTON, NMS ALLENS CREEK INC., AND ROCHESTER GAS AND ELECTRIC COMPANY, DEFENDANTS-RESPONDENTS. (ACTION NO. 1.) 
SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR, PLAINTIFFS-APPELLANTS,
v
TOWN OF BRIGHTON, TOWN BOARD OF THE TOWN OF BRIGHTON, TOWN OF BRIGHTON PLANNING BOARD, DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, THE DANIELE FAMILY COMPANIES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS.
(ACTION NO. 2.)
BRIGHTON GRASSROOTS, LLC, PLAINTIFF-APPELLANT,
v
TOWN OF BRIGHTON, TOWN OF BRIGHTON TOWN BOARD, TOWN OF BRIGHTON PLANNING BOARD, M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (ACTION NO. 3.) 
BRIGHTON GRASSROOTS, LLC, PLAINTIFF-APPELLANT,
[*2]
v
TOWN OF BRIGHTON PLANNING BOARD, TOWN OF BRIGHTON TOWN BOARD, TOWN OF BRIGHTON, M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., DANIELE MANAGEMENT LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (ACTION NO. 4.)
SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR, PLAINTIFFS-APPELLANTS,
v
TOWN OF BRIGHTON PLANNING BOARD, DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, THE DANIELE FAMILY COMPANIES, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (ACTION NO. 5.)
IN THE MATTER OF SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR, PETITIONERS-APPELLANTS,
v
TOWN OF BRIGHTON, DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENTS. (PROCEEDING NO. 1.)
IN THE MATTER OF BRIGHTON GRASSROOTS, LLC, PETITIONER-APPELLANT,
v
TOWN OF BRIGHTON ZONING BOARD OF APPEALS, TOWN OF BRIGHTON OFFICE OF THE BUILDING INSPECTOR, TOWN OF BRIGHTON, M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENTS. (PROCEEDING NO. 2.) 

NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR PLAINTIFF-APPELLANT CLOVER/ALLEN'S CREEK NEIGHBORHOOD ASSOCIATION, LLC.
[*3]HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS AND PETITIONERS-APPELLANTS SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR.
THE ZOGHLIN GROUP, PLLC, ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR PLAINTIFF-APPELLANT AND PETITIONER-APPELLANT BRIGHTON GRASSROOTS, LLC.
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), AND ROTHENBERG LAW, FOR DEFENDANTS-RESPONDENTS AND RESPONDENTS-RESPONDENTS M & F LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, AND MARDANTH ENTERPRISES, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES. 
WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AND RESPONDENTS-RESPONDENTS TOWN OF BRIGHTON, TOWN BOARD OF TOWN OF BRIGHTON, AND TOWN OF BRIGHTON PLANNING BOARD.

 Appeals from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 28, 2023. The judgment, inter alia, issued declarations in favor of defendants and respondents. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs and petitioners (plaintiffs), individuals and organizations opposed to the development of a 93,000-square-foot commercial plaza (project), brought these actions and proceedings (actions) against defendants and respondents (defendants), including the Town of Brighton (Town), among others. Plaintiffs sought, inter alia, declaratory and injunctive relief related to the project's purported encroachment upon a 10-foot-wide strip of land over which the Town has perpetual non-exclusive easements to maintain a pedestrian pathway for public use (Town Easements). The actions were consolidated and, following a bench trial, Supreme Court issued a global judgment that, inter alia, issued declarations in favor of defendants and dismissed plaintiffs' remaining claims. On appeal, plaintiffs contend that the court erred in declaring that the public trust doctrine is inapplicable to the Town Easements and that the Town did not constructively abandon the Town Easements in violation of Town Law § 64 (2).
Where, as here, the appeals follow a nonjury trial, "the Appellate Division has 'authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Buchmann v State of New York, 214 AD3d 1412, 1413 [4th Dept 2023]). "Nonetheless, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Unger v Ganci [appeal No. 2], 200 AD3d 1604, 1605 [4th Dept 2021] [internal quotation marks omitted]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Davis v Hinds, 215 AD3d 1242, 1243 [4th Dept 2023]). Moreover, when conducting such a review, we must view the record "in the light most favorable to sustain the judgment" (Farace v State of New York, 266 AD2d 870, 871 [4th Dept 1999]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1286 [4th Dept 2014]). Upon conducting that review, we conclude that there is a fair interpretation of the evidence supporting the court's well-reasoned determinations. We have considered plaintiffs' specific contentions, and we conclude that they do not require a different result.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court