

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00400-CV
_____

MINA PELLIZZARI, APPELLANT

V.

STAN MAYNARD, APPELLEE

On Appeal from the 110th District Court
Dickens County, Texas
Trial Court No. 4770, Honorable William P. Smith, Presiding

May 19, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

This permissive appeal stems from a suit filed after Appellee, Stan Maynard, was injured while hunting under a paid hunting lease on Seven Bar Ranch, owned by Appellant, Mina Pellizzari.[1]  Pellizzari moved for summary judgment, claiming the Texas Recreational Use (RUS) statute applied, thereby precluding liability.  The trial court denied

_____

[1] According to the briefing in this appeal, Mina passed away during the pendency of this litigation and Lady Mary Taylor has been acting on behalf of Mina's estate.

the motion, finding (1) Maynard was a "business invitee" due to the paid hunting lease arrangement and (2) the RUS does not apply to "active-negligence" cases. The trial court did, however, grant permission for interlocutory appeal under Texas Civil Practice & Remedies Code § 51.014(d), noting the case presented two controlling questions of law: "(1) Whether Texas Civil Practice & Remedies Code Chapter 75 applies to lessor-lessee relationships for hunting on the property when a hunting lease exists; and (2) Whether Texas Civil Practice & Remedies Code Chapter 75 governs actions by a lessee for active negligence of the lessor." This Court granted the appeal on January 28, 2026. After consideration of the two issues before this Court, we reverse the trial court's order and render judgment in favor of Pellizzari.

## BACKGROUND

Maynard's hunting lease had been in place for about three years at the time of his injury. He paid a $1,200 yearly fee for that lease. He and his friends built a campground and placed a large awning in the leased area where they kept their hunting blinds and RVs. On the day Maynard was hurt, he had arrived at the campsite, started to cook some food, and went hunting in his blind about 200 yards away. As he returned, he saw a propane heater he thought belonged to Dustin Pellizzari, Mina's son who was acting as property manager. When Maynard attempted to light the replacement heater, it caught fire and exploded, causing severe burns to Maynard's face, arms, and back.

Maynard filed negligence claims against Pellizzari for: (1) negligent hiring of Dustin as property manager when he was unfit for the position; (2) failure to properly supervise Dustin; (3) permitting Dustin to enter the blind and switch heaters; and (4) maintaining a

2

defective and unsafe heater on the property. Maynard also brought claims against Dustin for trespassing, conversion, and negligent conduct.

As noted, Pellizzari filed a traditional motion for summary judgment arguing the claims were barred by the RUS. The trial court disagreed and denied the motion. This permissive appeal followed.

**ANALYSIS**

Pellizzari raises two issues on appeal. First, she argues the RUS applies to paid-for leases to hunt on private land when the lessee is a business invitee. Second, she contends the RUS governs what Maynard characterizes as "active-negligence" cases. Therefore, she says, she was entitled to summary judgment and dismissal of the cause. In response, Maynard argues the RUS does not apply either to "active negligence" claims or to the business invitee/commercial lessee relationship and therefore, the trial court ruled properly. For the reasons set forth herein, we sustain Pellizzari's issues.

Permissive Appeal

Permissive appeals are governed by Texas Civil Practice and Remedies Code § 51.014(d)-(h), Texas Rule of Civil Procedure 168, and Texas Rule of Appellate Procedure 28.3. *White Star Energy, Inc. v. Ridgefield Permian Mins*., LLC, 725 S.W.3d 505, 509 (Tex. App.—El Paso 2025, no pet.). Such an appeal involves various steps. As an initial matter, the order being appealed must "identify the controlling question of law as to which there is a substantial ground for difference of opinion" and "state why an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* (citing TEX. R. CIV. P. 168; *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (requiring

same)).  While both section 51.014(d) and Rule 168 refer to "controlling question of law" in the singular, multiple controlling questions may be certified.  *Id.* (citing *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 142 (Tex. 2022) (identifying multiple controlling questions)).  The controlling questions "must be questions of law unconstrained by procedural or factual issues." *Id*. at 510.

After the controlling questions have been certified by the trial court, the appealing party must file a petition for permissive appeal with the appellate court, and the non-appealing party must be given an opportunity to respond or file a cross-petition.  *White Star Energy*, 725 S.W.3d at 510 (citing TEX. R. APP. P. 28.3; TEX. CIV. PRAC. & REM. CODE § 51.014(f)).  The appellate court must then decide whether to hear the appeal, which it has discretion to accept or deny.  *Id.* (citing *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019); TEX. R. APP. P. 28.3(j)).  In exercising its discretion, the appellate court is guided by the legislative intent behind section 51.014(d): to favor "early, efficient resolution of determinative legal issues[.]" *Id.*  If the appeal is granted, the appellate court proceeds to "address the merits of the legal issues certified," including "all fairly included subsidiary issues and ancillary issues pertinent to resolving the controlling legal issue." *Id.*  *See also Motiva Enters., LLC v. Whitmire*, No. 09-25-00053-CV, 2026 Tex. App. LEXIS 2824, at *15–16 (Tex. App.—Beaumont Mar. 26, 2026, no pet.) (mem. op.).  If the appeal is denied, the appellate court must explain the reason for the denial. *White Star Energy*, 725 S.W.3d at 510 (citing TEX. CIV. PRAC. & REM. CODE § 51.014(g); TEX. R. APP. P. 28.3(l)).  The Texas Supreme Court may review the denial de novo. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 51.014(h); TEX. R. APP. P. 28.3(l)).

4

Standard of Review and Applicable Law

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 565, 661 (Tex. 2005). When reviewing a traditional motion for summary judgment, the burden is on the movant to show there exists no genuine issue of material fact such that the movant is entitled to judgment as a matter of law. Tᴇx. R. Cɪv. P. 166a(c); *Duarte-Viera v. Fannie Mae*, 560 S.W.3d 258, 261–62 (Tex. App.—Amarillo 2016, no pet.). We accept as true all evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *Dorsett*, 164 S.W.3d at 661. A defendant moving for summary judgment on an affirmative defense has the burden to establish conclusively that defense. *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003).

Section 75.002 provides in relevant part as follows:

(a) An owner, lessee, or occupant of agricultural land:

    (1) does not owe a duty of care to a trespasser on the land; and
    (2) is not liable for any injury to a trespasser on the land, except for willful or wanton acts or gross negligence by the owner, lessee, or other occupant of agricultural land.

(b) If an owner, lessee, or occupant of agricultural land gives permission to another or invites another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

    (1) assure that the premises are safe for that purpose;

    (2) owe to the person to whom permission is granted or to whom the invitation is extended a greater degree of care than is owed to a trespasser on the premises; or

    (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted or to whom the invitation is extended.

5

(c) If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:

    (1) assure that the premises are safe for that purpose;

    (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or

    (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

(d) Subsections (a), (b), and (c) shall not limit the liability of an owner, lessee, or occupant of real property who has been grossly negligent or has acted with malicious intent or in bad faith.

TEX. CIV. PRAC. & REM. CODE § 75.002.

Section 75.003 provides in relevant part as follows:

(c) Except for a governmental unit, this chapter applies only to an owner, lessee, or occupant of real property who:

    (1) does not charge for entry to the premises;

    (2) charges for entry to the premises, but whose total charges collected in the previous calendar year for all recreational use of the entire premises of the owner, lessee, or occupant are not more than 20 times the total amount of ad valorem taxes imposed on the premises for the previous calendar year; or

    (3) has liability insurance coverage in effect on an act or omission described by Section 75.004(a) and in the amounts equal to or greater than those provided by that section.

TEX. CIV. PRAC. & REM. CODE § 75.003(c).

Application of RUS to Paid-For Entries on Land for Recreational Purposes

By her first issue, Pellizzari argues the RUS applies to all invitees regardless of classification (social guests or business invitees) and whether they pay for entry. She

also argues the 1997 amendment expressly included "invited social guests" in response to court decisions suggesting otherwise. Moreover, the statute contemplates payment for entry under section 75.003(c)(2).

The Texas RUS was enacted in 1965 to encourage landowners to open property to public recreation by limiting liability to the recreational user. The statute establishes a special standard of care comparable to duty owed to trespasser, i.e., a duty not to injure through gross negligence, malicious intent, or bad faith. *City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009). *See* TEX. CIV. PRAC. & REM. CODE § 75.002(b). Recreation includes hunting and camping. *Id.* at § 75.001(3)(A), (E).

"A social guest is generally considered a licensee because, in essence, the guest is receiving the sole benefit of the entry onto the landowner's property; a social guest is 'invited' onto another's property to receive the benefit of the landowner's hospitality." *Poehls v. Turner*, No. 03-01-00727-CV, 2002 Tex. App. LEXIS 6296, at *10 (Tex. App.—Austin Aug. 30, 2002, no pet.) (mem. op.). An "invitee" is defined as "a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant of the business of the owner or occupant or for their mutual advantage." *Boyer v. Scruggs*, 806 S.W.2d 941, 944 (Tex. App.—Corpus Christi 1991, no pet.). A landowner generally owes a duty to warn business invitees of a dangerous condition on the premises when the owner knows or should know the condition exists. *SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 563 (Tex. 2022).

Maynard contends the RUS applies only to "members of the public," not commercial lessees. He cites *McMillan v. Parker*, 910 S.W.2d 616 (Tex. App.—Austin

7

1995, writ denied) and *Lipton v. Wilhite*, 902 S.W.2d 598 (Tex. App.—Houston [1st Dist.] 1995, writ denied), holding the RUS was intended for general public use, not social guests or commercial relationships. Therefore, he posits, his status as a paid lessee under the hunting lease makes him a business invitee, not a member of the public contemplated by statute. Pellizzari responds that both the cases on which Maynard relies were written before the statute was amended to include social guests. And, "a social guest is generally classified as a licensee" under Texas law. *Bergman v. Daugherty*, No. 14-05-01268-CV, 2007 Tex. App. LEXIS 6007, at *10 (Tex. App.—Houston [14th Dist.] July 31, 2007, pet. denied) (mem. op.). Therefore, his argument that the RUS does not apply to social guests fails. *See* TEX. CIV. PRAC. & REM. CODE § 75.003(h) (providing, "[i]n the case of agricultural land, an owner, lessee, or occupant of real property who does not charge for entry to the premises because the individuals entering the premises for recreation are invited social guests satisfies the requirement of Subsection (c)(1)"). We agree with Pellizzari's position.

We next consider Maynard's contention that the RUS does not apply to business invitees. We first note the RUS does not differentiate between a "business invitee" and an "invitee." *Id.* at § 75.002(b). Second, we look to whether the RUS applies to lessor-lessee relationships where payment was made to enter the property for recreational purposes. It seems it does. In *City of Dallas v. Patrick*, 347 S.W.3d 452, 457 (Tex. App.—Dallas 2011, no pet.), the Dallas court of appeals found payment to enter a zoo for recreational purposes did not preclude application of the RUS.

Furthermore, the RUS applies when one of three alternative elements are satisfied: (1) the owner does not charge for entry; (2) the owner charges for entry; or (3) the owner

has the requisite liability insurance coverage in effect. TEX. CIV. PRAC. & REM. CODE § 75.003(c). Pellizzari moved for summary judgment under the third alternative element and provided summary-judgment proof that she had the requisite insurance in effect at the time of the incident. The insurance policy in the record shows an effective date of 07/13/2017 and an expiration date 03/09/2018. The injury occurred on 11/03/2017, a date falling within the covered period. That proof was not disputed or stricken. Consequently, Pellizzari established the applicability of the RUS and her entitlement to summary judgment. We sustain her first issue.

Application of RUS to "Active-Negligence"

By her second issue, Pellizzari contends the RUS applies to "active-negligence" cases. We agree and sustain the issue.

Maynard classifies his claims resulting from his injuries that occurred on Pellizzari's land as "active negligence" claims. However, "active negligence" is not a proper characterization. When a person is injured on land, that person has two possible legal causes of action: a negligent act claim or a premises liability claim. A negligent act occurs where there was an "ongoing activity" at the time when the plaintiff was injured; a premises liability case arises where a plaintiff is injured by a condition on the land, as opposed to an ongoing activity. *See Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992) (finding the cause of action sounded in premises liability because plaintiff was injured by a condition caused by spraying water but not injured by the activity of spraying). *See also Walmart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, pet.

9

denied) (finding claim was a negligent act claim when employee lifted a box off of a riser and struck the plaintiff, causing injury).

In similar fashion, the Dallas Court of Appeals has described claims for which an owner or occupier of land may be liable for negligence as (1) those arising from a premises defect and (2) those arising from an activity or instrumentality. *Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702, 705–06 (Tex. App.—Dallas 1999, no pet.). The court noted "[t]he distinction between negligent activity and premises defect claims is neither novel nor recent. This distinction has been well established in Texas since the turn of the century." *Id.* at 706. Therefore, claims like those before us are either negligent act claims or premises liability claims, not "active negligence" claims. Here, Maynard was injured when he lit the heater in the blind and it caught fire or exploded. *See Hill v. Fitness Int'l, LLC*, No. 02-22-00142-CV, 2023 Tex. App. LEXIS 1906, at *1 n.2 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.) (noting a negligence theory of recovery must not be based on an injury resulting from the condition of the property but rather, on the defendant's contemporaneous activity).

Given this backdrop, we turn to the argument before us. Maynard argued below, and argues here, that Texas courts recognize the distinction between duties owed by landowner/occupier versus duties in negligent activity. He asserts that claims based on contemporaneous negligence are negligent activity claims rather than premises defect claims. According to Maynard, multiple Texas cases support this distinction, including *Sibai*, 986 S.W.2d at 706–07. He contends that "[w]hen a plaintiff alleges that an injury is caused by negligent activity on the premises, and the plaintiff sues under a negligent activity theory, the plaintiff is entitled to a general negligence charge rather than being

limited to a premises liability charge." *State v. San Miguel*, 981 S.W.2d 342, 346 (Tex. App.—Houston [14th Dist.] July 30, 1998), *rev'd on other grounds*, 2 S.W.3d 249 (Tex.1999).

Further, he claims, courts in other states distinguish between premises liability and "active negligence" for recreational use statutes. The New York court in *Davis v. Hinds*, 215 A.D.3d 1242, 1243, 187 N.Y.S.3d 865 (N.Y. App. 4th Dept. 2023) rejected the application of the RUS to a landowner's affirmative negligence in providing faulty equipment, stating, "if a defendant's alleged liability is not premised on any condition on the land but rather is based on the defendant's 'affirmative acts of negligence,' [the RUS] is not applicable." The court found "defendants' liability was not premised on any condition on the land but, rather was based on defendant's alleged affirmative negligence in providing plaintiff with the faulty strap for the installation of the tree stand." Maynard notes further that Iowa (*Scott v. Wright*, 486 N.W.2d 40 (Iowa 2021), *Sallee v. Stewart*, 827 N.W.2d 128 (Iowa 2013)); Ohio (*Combs v. Ohio Dept. of Natural Res.*, 55 N.E.3d 1073 (Ohio 2016)); Wisconsin (*Kosky v. Int'l Ass'n of Lions Clubs*, 565 N.W.2d 260 (Wis. Ct. App.1997); *Lindville v. City of Janesville*, 516 N.W.2d 427 (Wis. 1994)); and California (*Klien v. United States*, 235 P.3d 42, 44 (Cal. 2010)) courts have similarly held recreational immunity does not apply to "active negligence" that is not related to land conditions.

Pellizzari points out that in *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006), the Texas Supreme Court established the RUS applies to both premises defect and negligent activity cases because the statute does not distinguish between injuries caused

11

by activities and those caused by conditions. Texas courts of appeals have followed suit. *See City of Texas City v. Woodkins*, No. 14-15-01053-CV, 2017 Tex. App. LEXIS 4917, at *12 (Tex. App.—Houston [14th Dist.] May 31, 2017, no pet.) (mem. op.) (so noting). *See also Meredith v. Chezem*, No. 03-18-00256-CV, 2018 Tex. App. LEXIS 10065, at *8–10 (Tex. App.—Austin Dec. 7, 2018, no pet.) (finding RUS applies to claims based on negligent acts or omissions, so long as the claims otherwise fall within the scope of the statute); *City of Lubbock v. Rule*, 68 S.W.3d 853, 859 (Tex. App.—Amarillo 2002, no pet.) (discussing application of RUS), *impliedly overruled in part on other grounds by Shumake*, 199 S.W.3d. at 282. Therefore, the RUS applies here.[2]

## CONCLUSION

Having found the RUS applies both to business invitees and to what Maynard classifies as "active-negligence" cases, we conclude the trial court erred in denying Pellizzari's motion for summary judgment. Our disposition resolves both controlling issues and consequently, we reverse the trial court's *Order Denying Defendant's Motion for Summary Judgment With Permission for Interlocutory Appeal* and render judgment in favor of Pellizzari.

Alex Yarbrough
Justice

---

[2] We note also that Texas enacted Chapter 75A (Agritourism Act) in 2015 specifically for commercial recreational activities, requiring posted warnings or written statements. Pellizzari did not include this in her grounds supporting her motion for summary judgment, although she could have done so. Maynard argues that the fact that the Legislature enacted Chapter 75A demonstrates the inapplicability of the RUS to the case now before us. We disagree.